## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| David Dubanoski, *on behalf of himself and others similarly situated*,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Wal-Mart Stores, Inc.,  )<br>d/b/a Walmart,  )<br>  )<br>Defendant.  )<br>_____) | Case No.: |

### CLASS ACTION COMPLAINT AND JURY DEMAND

### Nature of Action

1. David Dubanoski ("Plaintiff") brings this class action against Wal-Mart Stores Inc., d/b/a Walmart ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred in this district, as Plaintiff resides in this district, and as Defendant transacts business in this district.

## Parties

4. Plaintiff is a natural person who at all relevant times resided in Resaca, Georgia.

5. Defendant is an entity headquartered in Bentonville, Arkansas.

## Factual Allegations

6. Sometime in 2014, Defendant began placing calls, or causing calls to be placed, to (706) ███-████—Plaintiff's cellular telephone number.

7. Defendant placed no less than thirty-three calls to Plaintiff's cellular telephone number from November 26, 2014 through December 6, 2014.

8. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them, or caused them to be placed, by using an automatic telephone dialing system.

9. On at least one occasion, Defendant left a voice message, by using an artificial or prerecorded voice, with the voicemail service associated with Plaintiff's cellular telephone number.

10. The voice message stated:

> Return our call to 1-800-641-4526. For faster service visit our website at www.walmart.com/credit. Our mailing address is 170 W. Election Rd., Ste. 125, Draper, Utah 84020. Again, please call 1-800-641-4526. This is a recording. Thank you.

11. At some point thereafter Plaintiff called 1-800-641-4526, at which time he was greeted with an artificial or prerecorded voice prompt requesting his Walmart credit card number.

12. Because Plaintiff does not have, nor did he ever have, a Walmart credit card, he did not enter a Walmart credit card number.

13. An artificial or prerecorded voice prompt then requested Plaintiff's social security number.

14. Because Plaintiff refused to enter his social security number, he was connected to a live operator.

15. The live operator then asked Plaintiff for his telephone number.

16. The live operator did not ask Plaintiff for his name.

17. After entering Plaintiff's cellular telephone number into Defendant's system, the live operator informed Plaintiff that she did not know why Defendant had attempted to contact him, and that Defendant would remove his cellular telephone number from the to-be-contacted list.

18. Hours later, however, Defendant placed another call to Plaintiff's cellular telephone number.

19. Upon information and good faith belief, Defendant's calls to Plaintiff's cellular telephone were intended for someone other than Plaintiff.

20. Upon information and good faith belief, Defendant placed the calls at issue, or caused them to be placed, for non-emergency purposes.

21. Upon information and good faith belief, Defendant placed the calls at issue, or caused them to be placed, voluntarily.

22. Upon information and good faith belief, Defendant placed the calls at issue, or caused them to be placed, under its own free will.

23. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place the calls at issue, or cause them to be placed.

24. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls at issue, or cause them to be placed.

25. Defendant did not have prior express consent to place calls, or cause calls to be placed, to Plaintiff's cellular telephone number by using an automated telephone dialing system, or an artificial or prerecorded voice.

26. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed, or caused to be placed, to Plaintiff's cellular telephone number.

27. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, or an artificial or

prerecorded voice, to place, or cause to be placed, calls to telephone numbers assigned to cellular telephone service providers.

## Class Action Allegations

28. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Wal-Mart Stores, Inc. placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

29. The proposed class specifically excludes the United States of America, the State of Georgia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

30. Upon information and belief, the class members are so numerous that joinder of all of them is impracticable.

31. The exact number of class members is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

32. The class members are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant.

33. There exists a well-defined community of interest in the questions of law and fact that affect the class members.

34. Plaintiff's claims are typical of the class members' claims.

35. Plaintiff's claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant.

36. Plaintiff's claims are based on the same theory as are the class members' claims.

37. Plaintiff suffered the same injuries as each class member.

38. Plaintiff will fairly and adequately protect the class members' interests in this matter.

39. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the class members' interests.

40. Plaintiff will vigorously pursue the class members' claims in this matter.

41. Plaintiff has retained counsel experienced and competent in class action litigation.

42. Plaintiff's counsel will vigorously pursue this matter.

43. Plaintiff's counsel will assert, protect, and otherwise represent the class members in this matter.

44. The questions of law and fact common to all class members predominate over questions that may affect individual class members.

45. Issues of law and fact common to all class members are:

    a. Defendant's violations of the TCPA;

    b. The existence of Defendant's identical conduct;

    c. The availability of statutory penalties; and

    d. The availability of attorneys' fees and costs.

46. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

47. If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

48. The pursuit of separate actions by individual class members could, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests.

49. The pursuit of separate actions by individual class members could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

50.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

51.     The damages suffered by each individual class member may be relatively small; thus, the expense and burden to litigate each of their claims individually make it impracticable for the class members to redress the wrongs done to them.

52.     The pursuit of Plaintiff's claims, and the class members' claims, in one forum will achieve efficiency and promote judicial economy.

53.     There will be no difficulty in the management of this action as a class action.

54.     Defendant has acted or refused to act on grounds generally applicable to the class members, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(a)(iii)

55.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-54.

56.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, or an artificial or prerecorded voice, to place non-emergency calls to (706) ███-████, absent Plaintiff's prior express consent to do so.

57. Defendant knowingly or willingly violated 47 U.S.C. §227(b)(1)(A)(iii) by using an automatic telephone dialing system, or an artificial or prerecorded voice, to place non-emergency calls to Plaintiff's cellular telephone, absent Plaintiff's prior express consent to do so.

## Trial by Jury

58. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii), and did so knowingly or willingly;

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees and costs under to Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: February 27, 2014			Respectfully Submitted,

/s/Shireen Hormozdi
Shireen Hormozdi
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 800.994.9855
Fax: 866.929.2434
shireen@norcrosslawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC (*pro hac vice* application to be filed)
5550 Glades Rd, Ste. 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
aradbil@gdrlawfirm.com